**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY,<br><br>       Plaintiff,<br><br>  v.<br><br>ROSS MORIZZO and ANTHONY MORIZZO,<br><br>       Defendants. | NO. 20 C 2672<br><br>Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

American Family Mutual Insurance ("American Family") brought suit against Anthony and Ross Morizzo to recover damages it paid to Marlene and Robert Voegel following a fire on the Voegels' roof. Currently before the Court are American Family's motion for summary judgment, R. 37, Estate of Anthony Morizzo's motion for summary judgment, R. 40, and American Family's motion to strike, R. 52.[1] For the reasons that follow, the motion to strike is granted, American Family's motion for summary judgment is granted in part and denied in part, and Anthony's motion for summary judgment is denied.

**Background**

The following facts are undisputed unless otherwise noted. During the time period relevant to this case, Anthony Morizzo lived next door to the Voegels. On May

---

[1] A suggestion of death as to Anthony Morizzo was filed on April 30, 2021. R. 33. American Family moved to substitute the Estate of Anthony Morizzo in place of Anthony Morizzo as a defendant, which the Court granted. R. 36. The Court refers to the Estate of Anthony Morizzo as "Anthony" for simplicity.

18, 2015, Anthony's son, Ross, cut down a dead tree on Anthony's property at Anthony's request. Anthony was not home. Ross then started a fire in the Voegels' outdoor fire pit and walked back and forth between the downed tree and the fire pit, adding more tree pieces to the fire on each trip. It was a windy day, and the wind carried embers from the fire onto the Voegels' roof, igniting it. Ross did not see the fire begin because he was near the tree cutting more wood. Neighbors alerted him to the fire.

The fire resulted in damage to the Voegels' roof and attic space. The Barrington Countryside Fire Protection Investigator determined the wind blowing the embers onto the roof was the "only possible source of ignition." R. 38 at 3. The Voegels had an insurance policy with American Family, which paid $1,766,530.34 for damages caused by the fire. *Id*. at 22.

American Family then brought this action against Anthony and Ross, alleging negligence and negligence per se against Ross (Counts I and II); and claims for liability under respondeat superior, breach of non-delegable duty, and negligence against Anthony (Counts III, IV, and V). Ross asserted contributory negligence and assumption of risk by the Voegels as affirmative defenses.[2] Anthony asserted contributory negligence and act of God affirmative defenses.

American Family moved for partial summary judgment, arguing: (1) As to Count I, Ross Morizzo was negligent as a matter of law; (2) as to Count III, Anthony

---

[2] Ross also asserts that the fire pit was an open and obvious danger, but that affirmative defense is not addressed in any of the pending motions.

2

is liable for Ross's negligence under respondeat superior because Anthony had the right to control Ross's actions; (3) as to Count IV, Anthony is liable for Ross's negligence because the duty to use reasonable care when burning a fire is non-delegable; (4) as a matter of law, the Voegels are not contributorily negligent; and (5) the value of property damages is undisputed. R. 38. Anthony also moved for summary judgment, arguing, as a matter of law, that he is not liable for Ross's negligence under respondeat superior, nor was he directly negligent himself. R. 41.

American Family then filed a motion to strike all references to statements made by Marlene Voegel, arguing they constitute inadmissible hearsay. R. 52. The Court addresses the motion to strike and each summary judgment argument in turn.

## Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The Court considers the entire evidentiary record and must view all of the evidence and draw all reasonable inferences from that evidence in the light most favorable to the nonmovant. *Horton v. Pobjecky*, 883 F.3d 941, 948 (7th Cir. 2018). To defeat summary judgment, a nonmovant must produce more than a "mere scintilla of evidence" and come forward with "specific facts showing that there is a genuine issue for trial." *Johnson v. Advocate Health and Hosps. Corp.*, 892 F.3d 887, 894 (7th Cir. 2018). Ultimately, summary judgment is warranted only if a reasonable jury could not return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where the parties have filed cross-motions for summary judgment, the Court applies this standard to each motion separately to determine whether there is a genuine dispute of material fact and whether judgment should be entered as a matter of law. *Marcatante v. City of Chicago*, 657 F.3d 433, 438-39 (7th Cir. 2011). In ruling on each cross-motion for summary judgment, the Court draws inferences in favor of the party against whom the motion under consideration is made. *Siliven v. Ind. Dep't of Child Servs.*, 635 F.3d 921, 925 (7th Cir. 2011).

## Analysis

### I. Motion to Strike

American Family argues any references to statements made by Marlene Voegel in the summary judgment briefings are inadmissible hearsay and should be stricken. The statements referenced are those where Marlene allegedly gave Ross permission to use the Voegels' fire pit to burn the dead tree.

Hearsay is an out of court statement offered to prove the truth of the matter asserted. Fed. R. Evid. 801(c). Because hearsay is inadmissible at trial, courts may not consider it in deciding a motion for summary judgment. *Carlisle v. Deere & Co.*, 576 F.3d 649, 655 (7th Cir. 2009). Ross and Anthony argue Marlene's statements are admissible under either Rule 804(b)(3) or 807, and thus may be considered on summary judgment.[3]

---

[3] Anthony also attempts to argue that Marlene giving Ross permission to use the fire pit does not constitute a "statement." R. 59 at 2. A "statement," for hearsay purposes, means a person's oral assertion, written assertion, or nonverbal conduct, if intended as an assertion. Fed. R. Evid. 801(a). The assertion here clearly qualifies as a statement, as the Morizzos are arguing that Marlene expressly gave permission to use the fire pit.

4

A. Federal Rule of Evidence 804(b)(3): Statement Against Interest

For a statement to qualify as an exception to hearsay under Rule 804(b)(3), the declarant must be unavailable as a witness, the statement must have been against the declarant's interest at the time it was made, and there must be corroborating circumstances indicating the trustworthiness of the statement. Fed. R. Evid. 804(b)(3).

American Family concedes the Marlene is unavailable to be deposed or provide other testimony due to poor health. R. 56 at 2. Nevertheless, the statements are not admissible under Rule 804(b)(3) because Marlene was not making them against her interest. *See* 804(b)(3) (requiring that the statement, "*when made*…was contrary to the declarant's proprietary or pecuniary interest"); *see also United States v. Shukri*, 207 F.3d 412, 416 (7th Cir. 2000) (reiterating the rule's requirement); *Barker v. International Union of Operating Engineers Local 150*, 2011 WL 6338800, at *3 (N.D. Ill. Dec. 19, 2011) (same). When Marlene told Ross he had permission to use the fire pit, there was no reason to believe she was subjecting herself to any potential criminal or civil liability. Nor was there reason to believe she was acting against her proprietary or pecuniary interest.

Ross cites only to *In re Superior Beverage/Glass Container Consolidated Pretrial*, 1991 WL 9044 (N.D. Ill. Jan. 18, 1991), in support of his position that Marlene's statements were against her interest. But *Superior Beverage* contradicts Ross's argument, confirming that the declarant, at the time she made the statements, must have been "putting [her] neck out" and potentially exposing herself to a lawsuit.

5

*Superior Beverage*, 1991 WL 9044, at *2-3. There is nothing here to support a finding that Marlene was potentially exposing herself to a lawsuit when she allowed Ross to use her firepit.

    B.  <u>Federal Rule of Evidence 807: Residual Rule</u>

If a statement not covered by other relevant hearsay exceptions has "equivalent circumstantial guarantees of trustworthiness," Rule 807 allows a court to admit the statement if it determines: (1) "the statement is offered as evidence of material fact; (2) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts;" and (3) the "general purpose of these rules and the interests of justice will be best served by admission of the statement into evidence." *Stolarczyk ex rel. Estate of Stolarczyk v. Senator Int'l Freight Forwarding*, LLC, 376 F. Supp. 2d 834, 840-41 (7th Cir. 2005). "The party wishing to introduce hearsay evidence must rebut the presumption of unreliability by appropriate proof of trustworthiness." *Id.* (citing *United States v. Hall*, 165 F.3d 1095, 1110 (7th Cir. 1999)).

The following factors, which are "neither exhaustive nor absolute," are pertinent to assessing trustworthiness under Rule 807: "the character of the witness for truthfulness and honesty, and the availability of evidence on the issue; whether the testimony was given voluntarily, under oath, subject to cross-examination and a penalty for perjury; the witness's … motivation to testify …; the extent to which the witness's testimony reflects his personal knowledge; whether the witness ever recanted his testimony; the existence of corroborating evidence; and the reasons for

6

the witness's unavailability." *United States v. Moore*, 824 F.3d 620, 622-23 (7th Cir. 2016) (internal citations omitted). Rule 807 is to be "construed narrowly" so the exception does not swallow the general hearsay rule. *Burton v. Kohn Law Firm, S.C.*, 934 F.3d 572, 583 (7th Cir. 2019).

The Morizzos argue Marlene's statements are trustworthy because they had used the Voegels' fire pit in the past, both Anthony and Ross testified that Ross had permission to use the fire pit, and at the time of their depositions, neither Ross nor Anthony was aware the Voegels would not be able to testify. R. 54 at 5-6. The Court agrees with the Morizzos that the fact that they were unaware the Voegels would be unavailable weighs in favor of a finding of trustworthiness—the Voegels could have testified that they did not give Ross permission to use the fire pit if that was the case, contradicting the Morizzos' testimony. The Morizzos likely would not have lied during their depositions, as they would have expected the Voegels to testify and corroborate them.

Unfortunately for the Morizzos, however, there are no other factors weighing in favor of trustworthiness. Marlene was not subject to any form of cross-examination, and her statement was made directly to Ross, with no other witnesses present. *See Burton*, 934 F.3d at 583 (finding a statement fell outside the residual exception where it was not made under oath or subject to cross examination). Previous instances where the Voegels gave permission to the Morizzos to use the fire pit are out of court statements offered to prove Ross had permission and are thus hearsay themselves. The Court will not consider hearsay in support of admitting more hearsay. The

7

Morizzos offer no other reasons to support a finding of trustworthiness. The Court has no reason to doubt Marlene's character for truthfulness, but without any other corroborating evidence, there is simply not enough to find the statements are admissible under Rule 807.[4] The motion to strike is granted, and the Court will not consider Marlene's statements in deciding the summary judgment motions. Ross asks the Court, in the alternative, to consider his response to the motion to strike as a declaration under Fed. R. Civ. P. 56(d) that he cannot present facts essential to justify a main component of his opposition to the motion for summary judgment due to the unavailability of the Voegels, and to deny the motion for summary judgment on that basis. R. 54 at 3. Rule 56(d) requires the movant to give "specified reasons" as to why the unavailable facts are essential to its opposition. Ross failed to do so, arguing only that the statement is not hearsay and is "material to [his] affirmative defenses." *Id.* at 6. The Court therefore declines to take action under Rule 56(d).

## II. Negligence Claim Against Ross Morizzo

Generally, whether a defendant breached a duty of care is a factual determination to be made by a jury. *Bajwa v. Metropolitan Life Ins. Co.*, 208 Ill.2d 414, 422 (2004). American Family argues that a court can find a party negligent as a matter of law, however, when no reasonable jury could conclude otherwise. R. 38 at 5 (citing *Illinois Cent. R. Co. v. McNicholas*, 98 Ill. App. 54 (Ill. App. Ct. 1901)). American Family argues the Court should find Ross was negligent as a matter of law

---

[4] The Court also does not believe the statements are material, for reasons explained in Section V, *infra*.

because he violated the South Barrington Village Code, and that his act of God defense to the negligence claim is meritless.

A. South Barrington Village Code

Illinois Courts have held the violation of a statute or ordinance designed to protect human life or property is prima facie evidence of negligence. *Biers v. Leanna Lakeside Property Ass'n*, 305 Ill. App. 3d 45, 58 (collecting cases). The Morizzos can still prevail, however, if they show Ross acted reasonably under the circumstances. *Id*. Where the violation of an ordinance constitutes prima facie evidence of negligence, the matter should be put before a jury to determine whether the defendant acted reasonably. *Id*.

The Village Code of South Barrington provides that individuals may not burn materials, including wood, in an open fire. Village of South Barrington Municipal Code, Sec. 4-3-1.[5] Ross argues that the Voegels are not in the class the Village Code intends to protect.

The Court is convinced that, although no one received a citation for the fire, it was against the Village Code because it involved burning wood in an open fire pit. Further, any argument that the Voegels are not within the class of people intended to be protected under the Code is incorrect. Section 4-3-1 of the Code provides: "The Village president and board of trustees deem it to be in the best interest of the village to prohibit open burning." The Voegels, by nature of living in South Barrington, are

---

[5] One exception to the rule is for burning wood in a fire "for recreational purposes only." Sec. 4-3-2. Ross's fire was not recreational—it was for the specific purpose of disposing of the dead tree.

9

undoubtedly members of the community intended to be protected by Code. Ross's violation of the Code is prima facie evidence of negligence.

The remaining issue—whether Ross acted reasonably under the circumstances—is a factual dispute best suited for the jury. A jury could conclude that Ross's decision to burn the wood was reasonable under the circumstances, given his arguments that he had done it once before and did not believe the wind would be an issue. The motion for summary judgment as to the negligence claim against Ross is denied on this basis.

B. Act of God Defense

A loss or injury is due to an act of God when it is occasioned exclusively by natural causes such as could not be prevented by human care, skill, and foresight. *W.A. Taylor & Co. v. Griswold & Bateman Warehouse Co.*, 754 F. Supp. 1260, 1268 (N.D. Ill. 1990) (citing *Cachick v. United States*, 161 F. Supp. 15, 19 (S.D. Ill. 1958)). If there is any intervening human agency which contributes to cause the damage, it cannot be considered as caused by an act of God. *Id.*

Ross and Anthony argue the act of God defense applies to the negligence claim because the high winds were the cause of the fire, not Ross's burning of the tree. This argument ignores the obvious point: Ross made the decision to burn the tree in high winds. Put simply, the wind would not, on its own, have started a fire on the Voegels' roof. This is further supported by the fire department's report that the wind carrying the embers to the roof is what caused it to ignite. Ross starting the fire was intervening human conduct that created those embers. Furthermore, the fire could

10

have been prevented by human oversight and care. Ross could have waited until a less windy day, or, at the very least, could have kept an eye on the fire after starting it, rather than walking away from it to collect more wood. The defense therefore does not apply. Although the case will proceed to a jury on the factual issues surrounding Ross's alleged negligence, summary judgment is granted for American Family as to the act of God defense and denied for Ross and Anthony on the same issue.

### III.  Respondeat Superior Claim against Anthony Morizzo

Illinois law provides that when two individuals are in a principal/agent relationship, the principal is vicariously liable for damages caused by the agent. An agent is one whose physical conduct in performing services is subject to the principal's control or right to control. *Alms v. Baum*, 343 Ill. App. 3d 67, 71 (2003). "The ability or right to control is a key element to the determination, regardless of whether or not the principal exercises the right to control." *Krickl v. Girl Scouts*, 402 Ill. App. 3d 1, 7 (2010). A principal may be liable for the torts of an agent even where that agent is a volunteer. *Id.*

Ross acknowledged in his deposition that he would have done essentially anything his father instructed regarding the tree, given that it was on Anthony's property. R. 38 at 12-13. He agreed he would have cut it down in a different way, burned it in a different location, disposed of it via different means, or not cut it down at all, had Anthony so instructed. *Id.* Ross does not dispute that the fire was within the time and place of the service he was performing for Anthony, and that it was in fact part of his task. R. 46 at 4.

11

Anthony focuses on the fact that he did not actually control Ross. But the pertinent question for respondeat superior liability is not whether he actually controlled Ross, but whether he had the right to do so.[6] *Alms*, 343 Ill. App. 3d at 71. The record is filled with evidence that Ross was doing a favor for Anthony, on Anthony's property, at Anthony's request. There is no genuine dispute as to whether or not Anthony had the right to control Ross's actions surrounding the tree, and no reasonable jury could find he lacked that right. If Ross is found negligent, the doctrine of respondeat superior imputes liability for that negligence onto Anthony. Summary judgment is granted for American Family on Count III.[7] Anthony's motion as to the same count is denied.

## IV. Negligence Claim against Anthony Morizzo

Anthony moves for summary judgment on American Family's negligence claim against him. An action for negligent hiring or retention of an employee requires the plaintiff to show: (1) the employer knew or should have known the employee had a particular unfitness for the position so as to create a danger of harm to third persons;

---

[6] Anthony also appears to skirt the fact that the tree was on his property, only referring to it as being "on the berm" separating the Morizzo property from the Voegels', and responding to American Family's statement of facts to clarify it was on the berm, but not specifically denying the fact that it was on his property. R. 49 at 6. He admitted during his deposition that the tree was entirely on his property. R. 47 at 2.

[7] American Family argues in the alternative, if Ross and Anthony are not in a principal/agent relationship, then Ross was an independent contractor and Anthony breached a non-delegable duty. Because the Court finds Ross was acting as Anthony's agent and the doctrine of respondeat superior therefore applies, the Court need not address the non-delegable duty argument. The motion is denied with respect to American Family's claim that Anthony breached a non-delegable duty.

12

(2) that such particular unfitness was known or should have been known at the time of the employee's hiring or retention; and (3) that this particular unfitness proximately caused the plaintiff's injury. *Van Horne v. Muller*, 185 Ill. 2d 299, 311 (1998).

Anthony argues that, because Ross had previously used the Voegels' fire pit and was knowledgeable on how to cut and dispose of trees, Anthony had no reason to believe Ross was unfit for the task. R. 41 at 11. American Family argues, and the record reflects, that Ross had only cut down a tree one other time. R. 44 at 11. Anthony said as much in his deposition. *Id*. This alone is enough to establish a genuine issue for the jury. The Court is not convinced that, as a matter of law, Anthony did not know of Ross's unfitness to perform the task. Rather, the record provides undisputed evidence that Anthony asked Ross to cut down the tree, Ross had done so only one time previously, and Anthony knew when Ross planned to perform the task and chose not to be present to supervise. A reasonable jury could conclude Anthony was negligent. Anthony's motion for summary judgment on the claim of negligence against him is denied.

V. **Contributory Negligence of the Voegels**

American Family argues no reasonable jury could find the Voegels were contributorily negligent for the fire. Ross focuses on the fact that the Voegels owned the fire pit and gave permission to use it.[8] But Ross was still required to exercise

---

[8] The Court ruled the statements by Marlene Voegel were inadmissible hearsay. The Court incorporates Ross's argument, which references Marlene's statements, in its

13

reasonable care in doing so, and there is no evidence to support a finding that the Voegels failed to exercise care.

The Court agrees with American Family's argument that Marlene furnishing the fire pit for Ross may have been a condition by which the fire was made possible, but not the cause. Illinois courts draw a distinction between a condition and a cause. The Illinois Supreme Court explained the distinction in *First Springfield Bank & Tr. V. Galman*:

> Indeed, if the negligence charged does nothing more than furnish a condition by which the injury is made possible, and that condition causes an injury by the subsequent, independent act of a third person, the creation of the condition is not the proximate cause of the injury.

188. Ill.2d, 257 (1999) (collecting cases). Here, perhaps the Voegels' ownership of a fire pit furnished a condition for Ross to ignite a fire. But it was Ross's fire, started on a windy day, not the existence of a fire pit, which caused embers to be carried onto the Voegels' roof.

Ross makes a vague argument that the Voegels had "overfired" their fire pit and that the gutters had accumulated "flammable debris." R. 45 at 3. Ross does not expand on these arguments whatsoever. The fire department investigator made no such findings in his report, and listed the cause of the fire as embers being carried from the fire pit to the roof. The report did not mention flammable debris in the gutters which, if present, would undoubtedly have been an important part of the findings. To the contrary, the report said "there were no ignition sources on the roof."

---

analysis for the sake of context, but does not consider the statements as a factor in determining whether summary judgment is appropriate.

14

R. 38 at 3. The Morizzos do not point to any evidence in the record to support a finding that the Voegels left their fire pit, or their gutters, in a condition which contributed to the roof fire. A reasonable jury could not conclude the Voegels were contributorily negligent. American Family's motion for summary judgment on the contributory negligence defense is granted, and Anthony's motion on the same issue is denied.

### VI. Damages

American Family asks the Court to find there is no genuine issue of material fact as to the value of damages and American Family's right of subrogation. R. 38 at 21. The Morizzos argue American Family has only provided its own itemization of damages in support of its argument, and the issue should be presented to a jury. The Morizzos do not dispute that under the American Family Insurance Policy, American Family is subrogated to the rights of the Voegels to the extent of the payments it has made. Unsurprisingly, the parties dispute the amount of damages.

American Family is correct that legal damages, like liability, can be determined via summary judgment proceedings. *Hanover Ins. Co. v. Northern Bldg. Co.*, 751 F.3d 788, 795 (7th Cir. 2014). "If all the material issues of fact underlying a claim, including the amount of damages, are established and on the basis of applicable substantive law the claimant is entitled to judgment, a summary judgment including the award of damages may be appropriately rendered." *Id.* American Family introduced an affidavit from Jeremy Andersen detailing the damages, which total $1,766,530.34. Otherwise, American Family provides no support for granting

15

summary judgment on the amount of damages, other than arguing they are easily calculable and that the Morizzos responses are inadequate.

The Court agrees with the Morizzos that it is premature to decide damages as a matter of law. Given the Court's various rulings in this Order, some issues of fact remain. A jury may find Ross and Anthony liable for the damage in different ways, or it may not find them liable at all. Further, as Ross points out, expert discovery has yet to take place, and experts may shed light on the parties' arguments regarding damages and the causal link to the fire. While the Morizzos concede American Family is subrogated to the extent it paid the Voegels, the amount of damages is disputed and is better suited for trial. American Family's motion for summary judgment as to damages is denied.

## Conclusion

For the foregoing reasons, American Family's motion to strike, R. 52, is granted. American Family's motion for summary judgment, R. 37, is granted as to the Morizzos' act of God defense, the Morizzos' contributory negligence defense, and Anthony's liability under respondeat superior. American Family's motion is otherwise denied. Anthony Morizzo's motion for summary judgment, R. 40, is denied.

ENTERED:

_Thomas M Durkin_

Honorable Thomas M. Durkin
United States District Judge

Dated: February 25, 2022